[Civ. No. 27866.   Second Dist., Div. Four.   Feb. 10, 1965.]

ANN BORDEN, as Executrix, etc., Plaintiff and Appellant, v. BECKIE BERG et al., Defendants and Respondents.

Cooper & Nelson and Maxwell S. Keith for Plaintiff and Appellant.

Lever, Anker & Israel, William G. Israel, Best, Best & Krieger, Arthur L. Littleworth and William R. De Wolfe for Defendants and Respondents.

FILES, P. J.—Plaintiff, as executrix, brought this action against the First National Bank of Elsinore and Beckie Berg to recover money which had been deposited in a savings account by the decedent, Benjamin Borden, and allegedly converted by the bank. The bank claimed the money as payment of a note which had been endorsed and guaranteed by Borden. After a court trial, judgment was entered for defendants. Plaintiff is appealing from the judgment and from an order denying plaintiff's motion for a different judgment, made under Code of Civil Procedure section 663.

The underlying circumstances may be stated briefly. During the period between 1955 and 1960, Benjamin Borden and Beckie Berg were associated in the operation of a hotel

in Elsinore. That this business relationship was somewhat informal and confused is reflected by the litigation reported in *Berg* v. *King-Cola, Inc.*, 227 Cal.App.2d 338 [38 Cal. Rptr. 655].

On June 11, 1959, at the request of Borden, the bank loaned $5,000 on a note executed by Beckie Berg as maker. The note was made payable to Borden, who signed an endorsement and guaranty on the back side of the note in the following language: "_____ hereby guarantee payment of the within note, or any renewal or extension thereof, and all expense of collection thereof, and waive demand, presentment for payment, protest and notice of protest and consent that the time for payment may be extended without notice to Benjamin Borden." The note was payable on "Demand or June 9, 1960," and bore interest at the rate of 5 per cent.

On August 5, 1959, the bank made another loan of $2,200 upon a note identical in form with the first one except that the due date was "Demand or February 3, 1960."

These notes were unsecured, except to the extent that Borden had $10,000 on deposit in a savings account with the bank. At the time the second note was given, Mr. Gough, the president of the bank, expressed concern over the lack of security, and Borden replied, in substance, that he had money in his savings account which would stand good for his obligation.

Borden died February 15, 1960.

As of June 1960 nothing had been paid on either note, and the president of the bank was concerned because he was under criticism by bank examiners. He called in Mrs. Berg and told her the bank must have a current note for its files. On June 13, 1960, Mrs. Berg paid the accrued interest and gave the bank her note in the amount of $7,200, with interest at 6 per cent, payable December 10, 1960. No payments were made by Mrs. Berg thereafter. On August 31, 1961, there was a balance of $7,660 in the savings account of Benjamin Borden. On that date the bank took this balance from the savings account and applied it on the note.

The pretrial statement discloses that it was the contention of the plaintiff that the execution of the $7,200 note on June 13, 1960, discharged the obligation of Borden as guarantor of the two earlier notes. Plaintiff contended that the new note, with an increased rate of interest, constituted a novation.

The trial court's findings were adverse to plaintiff's theory of novation. With respect to this issue, the trial court found as follows: "Gough [president of the bank] and Berg did not agree or intend to change the terms, promises, or conditions of the two notes in any respect except to extend the date of payment, and the preparation and execution of the new note bearing interest at the rate of 6% instead of 5% was the result of inadvertence and mutual mistake of fact. The intent of both Galal Gough and Beckie Berg was merely to extend the time for payment to December 10, 1960 and neither party intended by the preparation and execution of the new note to release the guarantor nor to discharge or pay or alter in any way the guaranteed obligation on the first two notes of which the Bank was the bona fide holder on and prior to June 13, 1960."

This finding is supported by the testimony of Mr. Gough and Mrs. Berg as to the circumstances under which the June 13, 1960, note was given. ■ The trial court's interpretation of the contract, based upon extrinsic evidence, is binding upon this appellate court. (*E. K. Wood Lumber Co.* v. *Higgins,* 54 Cal.2d 91, 94 [4 Cal.Rptr. 523, 351 P.2d 795].)

■ The findings of fact support the conclusion upon which the judgment rests: that the new instrument was taken merely as additional evidence of the existing debt upon which Borden was liable as guarantor. The extension of time did not discharge Borden because he had consented to it in advance. (Civ. Code, § 3201, subd. (6).) The apparent change in the interest rate was unintended, and the trial court properly disregarded it. (Civ. Code, § 1640.*) Since the debt was owed by Borden, the bank was entitled to offset it against the balance in the Borden account. (*Gonsalves* v. *Bank of America,* 16 Cal.2d 169 [105 P.2d 118].)

The amount in the account was actually a few dollars more than the amount due on the note with interest at 5 per cent, but plaintiff makes no point of this small discrepancy.

■ Plaintiff's brief makes an argument based upon the rule that an instrument is avoided by "material alteration." (Civ. Code, §§ 3205, 3206.†) That rule is not applicable in this case. ■ The term "alteration," as used in relation to negotiable instruments, means physical alteration of the instrument (e.g., erasure or interlineation), not acts done *dehors* the instrument affecting the rights of the parties. (*James*

---

*Reporter's Note: Now see Com. Code, § 3606.

†Reporter's Note: Now see Com. Code, § 3407.

*Employees Credit Union* v. *Hawley,* 2 Wis.2d 490 [87 N.W.2d 299] ; *Dart Nat. Bank* v. *Burton,* 258 Mich. 283 [241 N.W. 858] ; *Davis* v. *Gutheil,* 87 Wash. 596 [152 P. 14] ; *Richards* v. *Market Exch. Bank Co.,* 81 Ohio St. 348 [90 N.E. 1000, 1005, 26 L.R.A. N.S. 99] ; Beutel's Brannan Negotiable Instruments Law (7th ed. 1948) p. 1185 ; Bigelow, The Law of Bills, Notes and Checks (3d ed. 1928) p. 411, fn. 3.) In this case there was no alteration of any instrument within the meaning of Civil Code sections 3205 and 3206.

The judgment and order are affirmed.

Jefferson, J., and Kingsley, J., concurred.