[Civ. No. 63678. Second Dist., Div. Four, Feb. 11, 1983.]

FRANCHISE TAX BOARD, Plaintiff and Appellant, v.
FIRESTONE TIRE & RUBBER COMPANY, Defendant and Appellant.

844

## COUNSEL

George Deukmejian and John K. Van de Kamp, Attorneys General, Edmond B. Mamer and Philip C. Griffin, Deputy Attorneys General, for Plaintiff and Appellant.

Iverson, Yoakum, Papiano & Hatch, David K. Robbins and Neil Papiano for Defendant and Appellant.

## OPINION

**KINGSLEY, Acting P. J.**—The case now before us is act II of the dispute between Firestone Tire & Rubber Company (Firestone) and the Franchise Tax Board (Board) over the Board's attempt to audit Firestone's tax returns for the years 1964 through 1976. It is admitted that the Board has statutory authority to make such an audit and to issue a notice of deficiency or of overpayment based on such audit. The dispute arises because the Board claims that Firestone is, to say the least, uncooperative in the audit. In *Franchise Tax Board* v. *Firestone Tire & Rubber Co.* (1978) 87 Cal.App.3d 878 [151 Cal.Rptr. 460], it was held that the Board was entitled to a "prohibitory" injunction to restrain Firestone from interfering with the audit. That decision has long since become the law of the case. Pursuant to that holding, the Board sought from the superior court, and secured, the injunction now before us. We affirm the grant of the injunction.

Firestone attacks the injunction on two grounds: (1) that, although cast in prohibitory terms, it is in fact mandatory and thus not meeting the requirement of the earlier case; and (2) that the injunction is overly broad in permitting the Board to photostat the documents which it examines in the course of the audit. We reject both contentions.

I

 We have read the injunction herein attacked. Contrary to Firestone's argument, we can find in it nothing that requires any affirmative action by

Firestone. It is merely enjoined from permitting its employees and agents to drag their heels or to refuse the Board's auditors access to documents essential to the audit. The injunction itself contains provision for a court hearing in case there is a dispute over the propriety of the Board examining any particular document.

## II

■ Firestone and the Board both attack the provision in the injunction requiring Firestone to permit the Board's auditors to photostat documents examined by them. A series of federal cases involving the powers of the comparable federal agencies, have supported such a requirement.[1] We see no reason why it is not proper. As the Board contends, otherwise its auditors must spend unnecessary time manually copying documents (sometimes elaborate tax return forms) in order to study them in the Board's offices. The order imposes no costs on Firestone nor can we see in it any interference with Firestone's operations beyond that necessarily involved in any tax audit.

Firestone fears that the photostat copies will reveal trade secrets and other information that should not become public. However, the injunction carefully limits the Board in releasing any information secured by it through such photocopying, except after a new order of the court permitting such disclosure.

■ The Board, in its cross-appeal, attacks that limitation on the ground that it prevents the Board from carrying out statutory and other requirements that it cooperate with the Multistate Tax Commission. In that respect, the Board is crying before it has been hurt. As we have said above, the injunction carefully preserves to Firestone the right to apply to the court for settlement of any dispute over the release to the Board, or to release by the Board. The Board is given similar powers. We cannot assume that, on such an application, the trial court will fail to observe the statutory limits on disclosure imposed by section 26453d of the Revenue and Taxation Code.

---

[1] *McGarry* v. *Riley* (1st Cir. 1966) 363 F.2d 421, where the court said (at p. 424): "While the order disobeyed by appellants did not specify that photostating could be done, it is inconceivable today that a right to examine and copy from voluminous files does not also assume that photostating can be done. Appellants apparently took the mutually contradictory positions of insisting at once on laborious hand-copying and on expedition. At no point did they ever specify in what respects photostating would prejudice their clients while penmanship would not. The advantages of applying technology to the reproduction of information were well set forth a decade and more ago in *Boren* v. *Tucker,* 9 Cir., 1956, 239 F.2d 767, 771, and *Westside Ford, Inc.* v. *United States,* 9 Cir., 1953, 206 F.2d 627, 634. While the orders in both these cases specifically authorized photostating, the rationale would seem to apply equally to such an order as that in this case. We can no more imagine a judge, if asked to 'clarify' an order for production of documents for examination, excluding photostating than insisting on a quill pen."

The judgment is affirmed. The Franchise Tax Board shall recover its costs on appeal.

McCloskey, J., and Amerian, J., concurred.

A petition for a rehearing was denied March 2, 1983, and the petition of defendant and appellant for a hearing by the Supreme Court was denied May 4, 1983.