[Nos. A027047, A027101. First Dist., Div. Five. Sept. 16, 1986.]

WESLEY G. McCAIN, as Trustee, etc., et al.,
Plaintiffs and Respondents, v.
PHOENIX RESOURCES, INC., et al., Defendants and Appellants;
ORRICK, HERRINGTON & SUTCLIFFE et al.,
Defendants and Respondents.

**COUNSEL**

Shartsis, Friese & Ginsburg, Arthur J. Shartsis and Mary Jo Shartsis· for Defendants and Appellants.

Alvin H. Goldstein, Jr., Goldstein & Phillips, Mark L. Musto and Kathryn L. Anderson for Plaintiffs and Respondents.

No appearance for Defendants and Respondents.

**OPINION**

**LOW, P. J.**—This is an appeal from the grant of a preliminary injunction ordering the corporate managing general partner of a limited partnership to produce certain partnership information for inspection by two of the limited partners. We conclude that absent any restriction by statute or by the partnership agreement, a limited partner has the right to inspect all documents and papers affecting the partnership, including those held by the partnership's attorney. The superior court did not abuse its discretion.

By written agreement dated September 30, 1980, Wesley G. McCain and Edward B. Howell (hereafter plaintiffs) became limited partners in a partnership called "Valley Investors." Phoenix Resources, Inc., a California

corporation (hereafter defendant),[1] was designated the managing general partner and was given "exclusive control over the business" of the limited partnership. The limited partnership was formed for the purpose of owning and developing 7.45 acres of land in Monterey, California.

In early 1984, plaintiffs attempted to inspect information in the possession of two law firms that had acted as attorneys for defendant managing general partner. Both law firms resisted plaintiffs' claimed right of access to partnership information alleged to be in their possession.

On March 6, 1984, plaintiffs filed a complaint for injunctive relief to compel defendant, as well as the two law firms that were named indispensable party defendants, to produce "all records, documents, files and memoranda relating to the formation, operation and financial affairs" of the limited partnership. Plaintiffs based their right of inspection on the terms of the limited partnership agreement and statutory provisions governing the rights of limited partners. The trial court issued an order to show cause on plaintiffs' application for preliminary injunction. Defendant argued that the books and records to which plaintiffs were entitled were restricted to the accounting and financial records of the limited partnership, as well as legal documents such as contracts and minutes of limited partnership meetings. Plaintiffs defined their inspection rights more broadly and claimed a right to inspect "all correspondence, memoranda, legal documents, files and any other documents and written materials relating to [Valley Investors'] formation, operation and financial affairs."

On April 20, 1984, the trial court granted plaintiffs' application for preliminary injunction. The order enjoins defendant and its "agents, servants, employees and representatives" from: (1) removing or tampering with the books, records and files pertaining to the limited partnership; and (2) refusing to make available for inspection and copying "all correspondence, memoranda, legal documents, files, books of account and any other documents and written materials relating to the formation, operation, management, and financial affairs of said limited partnership." The injunction also directs defendant to assert any claim of privilege within 10 days. This court stayed enforcement of the disclosure provisions of the injunction by writ of supersedeas. (*McCain* v. *Phoenix Resources, Inc.* (July 2, 1984) A027101; see *Rubin* v. *American Sportsmen etc. Soc.* (1951) 102 Cal.App.2d 288, 290 [227 P.2d 303].)

The question presented is whether the trial court abused its discretion in granting the application for preliminary injunction. (*Cohen* v. *Board of*

---

[1]F. S. Bud Holscher is president and chief executive officer of the corporate managing general partner, Phoenix Resources, Inc. He, along with Phoenix Resources, Inc., will be referred to as "defendant."

*Supervisors* (1985) 40 Cal.3d 277, 286 [219 Cal.Rptr. 467, 707 P.2d 840].) ■ An appellate court will find such abuse only when the decision of the trial court below exceeds the bounds of reason or contravenes the uncontradicted evidence. (*Amezcua* v. *City of Pomona* (1985) 170 Cal.App.3d 305, 309 [216 Cal.Rptr. 307].)

Defendant contends that the preliminary injunction requires it to disclose a broad range of documents that do not constitute the "books and records" of the limited partnership. Plaintiffs claim a statutory right as limited partners to "[h]ave on demand true and full information of all things affecting the partnership . . . ." (Corp. Code, § 15510, subd. (1)(b).)[2] Plaintiffs also rely on their statutory right to inspect and copy any of the "partnership books." (§§ 15510, subd. (1)(a), 15019.) ■ It should be noted that a partner's statutory right of inspection can be exercised *without* a showing of either good cause or proper purpose. Plaintiffs also rely on the partnership agreement entered into by the parties, which provides that "[t]he Limited Partners and their designated representatives shall have access to all books and records of the Limited Partnership at all reasonable times." (Emphasis omitted.)

■ The common law recognizes that when persons execute a contract that has the legal effect of creating a partnership, they acquire rights and subject themselves to duties growing out of their fiduciary relationship. (*Pacific Atlantic Wine, Inc.* v. *Duccini* (1952) 111 Cal.App.2d 957, 965 [245 P.2d 622].) One of the most important duties created is each partner's duty of full disclosure. "Partners are trustees for each other, and in all proceedings connected with the conduct of the partnership every partner is bound to act in the highest good faith to his copartner and may not obtain any advantage over him in the partnership affairs by the slightest misrepresentation [or] concealment . . . ." (*Llewelyn* v. *Levi* (1909) 157 Cal. 31, 37 [106 P. 219]; *Prince* v. *Harting* (1960) 177 Cal.App.2d 720, 727 [2 Cal.Rptr. 545]; *Cagnolatti* v. *Guinn* (1983) 140 Cal.App.3d 42, 48 [189 Cal.Rptr. 151].) A managing partner has a legal duty to disclose to copartners "matters affecting their business relationship." (*Berg* v. *King-Cola, Inc.* (1964) 227 Cal.App.2d 338, 341 [38 Cal.Rptr. 655].) ■ Partners have a duty to make a full and fair disclosure of all matters substantially affecting the value of the partnership. (*Estate of Witlin* (1978) 83 Cal.App.3d 167, 175 [147 Cal.Rptr. 723].) Because of their fiduciary relationship, the records sought by plaintiffs herein were not the private property of defendant, but were subject to the rights guaranteed to the other partners to have access to all information pertaining to partnership affairs.

---

[2]All section references are to the Corporations Code unless otherwise noted.

Although a partnership should be protected from harassment by placing reasonable time, place, and manner restrictions on a partner's right of inspection, the statutory language demonstrates a partner is entitled to have broad access to partnership information. The language of section 15510, subdivision (1)(b), granting a limited partner the right to "[h]ave on demand true and full information of *all things* affecting the partnership," reduces any support for limiting a partner's right of inspection. (Italics added.) Had the drafters intended to limit the information subject to inspection by limited partners, they could have imposed suitable restrictions. This is illustrated by one of the provisions of California's new revised Uniform Limited Partnership Act. (§ 15611 et seq.) Although the merits of this controversy are governed by the former law,[3] we note that this new enactment sets out the type of information that a limited partner has a right to inspect. (See §§ 15615, 15634.) Thus, it appears that the Legislature recognized the need for some clarification on the right of inspection and has endeavored to provide guidelines governing a partner's informational duties. However, our inquiry is confined to the former law.

When a partner's duty, under section 15510, subdivision (1)(b), to give "true and full information of all things affecting the partnership" is set side by side with the trial court's directive allowing inspection of information "relating to the formation, operation, management, and financial affairs" of the limited partnership, it is evident the court did not abuse its discretion. The language of the statute is unambiguous, and legal as well as policy considerations support allowing broad access to partnership information. Moreover, the failure of the drafters of section 15510 to include limitations demonstrates their intention to grant a liberal right of inspection. (Cf. new §§ 15615, 15634.)

Defendant also resists disclosure of any information in the possession of the two law firms named as indispensable parties to this action. Defendant argues "the right of inspection applies only as against partners" and alleges there is "no authority that would support a right of inspection against a law firm or any other third party as an adjunct of [plaintiffs'] right of inspection . . . ." ■ A partnership can be a client of a law firm and a lawyer may transact business on behalf of the partnership. (See Evid. Code, §§ 951, 175; *Montebello Rose Co.* v. *Agricultural Labor Relations Bd.* (1981) 119

---

[3]Generally, limited partnerships (such as Valley Investors) that were in existence on the effective date of the new revised Uniform Limited Partnership Act, July 1, 1984, will continue to be governed by the former law. (See § 15711.) However, the statutory scheme sets out a certification process whereby a partnership existing on the effective date may elect to be governed by the new law. (See § 15712.) There is no indication Valley Investors took advantage of this provision; therefore, the parties' arguments will be assessed under the former law which has been continued in effect for the limited purpose of governing limited partnerships which are not subject to the new act. (§ 15533.)

Cal.App.3d 1, 31-32 [173 Cal.Rptr. 856].) Under such circumstances, it is foreseeable that a law firm would have information in its possession relating to partnership affairs. If, on the other hand, the law firm holds records which represent the purely private or personal interests of one of the partners, the attorney-client privilege can be asserted to resist production of these records. ▇ It will be the task of the trial court to determine to what extent the attorney-client privilege applies to the documents sought by plaintiffs herein, but the attorney-client privilege will not bar disclosure of matters related to a partnership business simply because such business was conducted through a law firm.

Defendant takes issue with the form this relief has taken and claims that this case was not a proper one for the issuance of a preliminary injunction. Specifically, defendant claims plaintiffs failed to demonstrate the harm if the preliminary injunction were denied. (See *Cohen* v. *Board of Supervisors, supra,* 40 Cal.3d at pp. 286-287.) Defendant also claims the provisions of the preliminary injunction requiring disclosure of partnership information were mandatory, not prohibitory, and effectively granted plaintiffs all the relief requested by their complaint in advance of trial.

▇ Several cases illustrate that when a party is entitled to the relief demanded as a matter of law and where no purpose would be served by taking extrinsic or additional evidence, a preliminary injunction may issue even though it involves a change in possession of property. In *Fretz* v. *Burke* (1967) 247 Cal.App.2d 741 [55 Cal.Rptr. 879], the court issued a preliminary injunction requiring a general partner to pay current partnership profits withheld from the limited partners in advance of trial. The limited partners were entitled to receive their respective shares of partnership profits under section 15510, subdivision (2). The appellate court found these circumstances "warrant[ed] the use of the injunctive power of the court against a wrong which the trial judge no doubt deemed insufferable because it constitutes an overbearing assumption by one person of superiority and domination over the rights and property of others." (*Id.,* at p. 746.) Similarly, in *Franchise Tax Board* v. *Firestone Tire & Rubber Co.* (1983) 139 Cal.App.3d 843 [189 Cal.Rptr. 99], the appellate court reviewed an injunction requiring Firestone to turn over certain documents to the tax board for an audit. The court noted that the tax board had statutory authority to request such documents. The appellate court affirmed the order, pointing out that the tax board was granted a prohibitory (as opposed to mandatory) injunction because it restrained Firestone from interfering with the tax board's access to the documents. (*Id.,* at pp. 845-846.) Under the rationale of these cases, preliminary injunctive relief was properly sought and granted in this case.

Defendant claims the injunction under scrutiny is so ambiguous, uncertain and overbroad that defendant is uncertain what to do to comply with its terms. In an effort to thwart future litigation, it is suggested that this court define the categories of documents to which plaintiffs are entitled. It is difficult to assess the content of much of the material arguably covered by the terms of the injunction and to set out with any specificity which documents and communications do not relate to the affairs of the partnership and therefore need not be produced. The injunction preserves to defendant the right to assert any claim of privilege, and the trial court has retained jurisdiction to settle any dispute. Thus, the terms of the injunction will be clarified as controversies are resolved and we can assume the defendant will be granted any relief to which it may be entitled. Nonetheless, at this stage of the proceeding, the injunction is in the most specific form practicable.

We hold defendant was not justified in refusing to allow plaintiffs access to "true and full information of all things affecting the partnership" on the ground that the information requested did not come under the limited purview of financial records and legal documents. Furthermore, plaintiffs are entitled to examine information related to the activities of the limited partnership held by the law firms in their representative capacity. Accordingly, the superior court acted within its discretion in enjoining defendant and its representatives from refusing to make available information "relating to the formation, operation, management, and financial affairs of said limited partnership."

The April 20, 1984, order granting application for preliminary injunction is affirmed. The stay imposed by writ of supersedeas is dissolved upon the filing of the remittitur. (See Cal. Rules of Court, rule 25.)

King, J., and Haning, J., concurred.

Appellants' petition for review by the Supreme Court was denied December 3, 1986.