**George L. ZIMMERMAN, Plaintiff–Appellant and Cross–Appellee,**

v.

**DAN KAMPHAUSEN CO. and Dunbar Lance Kamphausen, individually, and as partner of Dan Kamphausen Co., Defendants–Appellees and Cross–Appellants.**

**and**

**Isaacson, Rosenbaum, Woods and Levy, P.C., formerly Isaacson, Rosenbaum, Woods, Levy & Snow, P.C.; and Samuel L. Levy, Defendants–Appellees and Cross–Appellees.**

No. 96CA0946.

Colorado Court of Appeals,
Div. IV.

Feb. 19, 1998.

As Modified on Denial of Rehearing
April 2, 1998.

Certiorari Denied Feb. 16, 1999.*

* Justice SCOTT and Justice BENDER would grant as to the following issue:

Whether a partnership's attorney can ever owe a duty of care to an individual partner who has not expressly retained that attorney.

Kutak Rock, James C. Ruh, Craig N. Johnson, Denver, for Plaintiff–Appellant and Cross–Appellee.

Jacobs Chase Frick Kleinkopf & Kelley, LLC, Ann B. Frick, Lia A. Woodall, Steven R. Beck, Denver, Colorado, and Roger T. Castle, P.C., Roger T. Castle, Denver, for Defendants–Appellees and Cross–Appellants.

Cooper & Clough, P.C., Paul D. Cooper, Paul A. Faraci, Denver, for Defendant–Appellee and Cross–Appellee Isaacson, Rosenbaum, Woods and Levy, P.C.

Burns, Figa & Will, P.C., Phillip S. Figa, D. Sean Velarde, Englewood, for Defendant–Appellee and Cross–Appellee Samuel L. Levy.

Opinion by Chief Judge HUME.

Plaintiff, George L. Zimmerman, appeals the summary judgments entered in favor of defendants, Dan Kamphausen Co. (partnership); Dunbar Lance Kamphausen, individually and as a partner of the partnership (Kamphausen); Isaacson, Rosenbaum, Woods and Levy, P.C. (law firm); and Samuel Levy, individually. He also appeals the award of costs to defendants.

Kamphausen cross-appeals the trial court's summary judgment entered in favor of the law firm and Levy. He also appeals the denial of his motions to amend his cross-claim and for an award of attorney fees against plaintiff. We affirm in part, reverse in part, and remand for further proceedings.

In 1972, Dan Kamphausen (father) and his son, Kamphausen, formed a partnership with the two of them as partners. The Dan Kamphausen Revocable Trust (trust) was established at the same time with the father and Kamphausen as co-trustees. The partnership and the trust were part of the father's estate plan.

In 1985, plaintiff and the father entered into a contract for the sale of real estate secured by a promissory note. Before concluding the sale, the law firm and Levy, representing the father and the partnership, issued a letter to plaintiff opining that the partnership was properly constituted, that it had the legal power to execute a guaranty of the note and perform its obligations thereunder, and that the father was authorized to sign the guaranty on behalf of the partnership. The real estate contract and the promissory note subsequently were guaranteed by the trust, the partnership, and another corporation owned by the father.

After several years of payments by the trust and the partnership, their assets were depleted and the note went into default. Plaintiff foreclosed on the real estate, and the father, the corporation, and the trust confessed judgment. Plaintiff then commenced an action against the partnership and the son based on a deficiency remaining on the note and against the law firm and Levy for the representations made to plaintiff at the time he entered the sale transaction.

## I.

Plaintiff first contends that the trial court erred in entering summary judgment in favor of defendants. We agree.

 Summary judgment is a drastic remedy to be granted only upon a clear showing that no genuine issue as to any material fact exists. In determining whether summary judgment is proper, a non-moving party is entitled to the benefit of all favorable inferences that reasonably might be drawn from the undisputed facts. All doubts must be resolved against the moving party. *Peterson v. Halsted,* 829 P.2d 373 (Colo.1992).

 An appellate court's review of a grant of summary judgment is *de novo. Aspen Wilderness Workshop, Inc. v. Colorado Wa-*

*ter Conservation Board,* 901 P.2d 1251 (Colo. 1995).

## A.

■ We agree with plaintiff that the trial court erroneously granted summary judgment in favor of the partnership and Kamphausen.

■ Initially we note that this case involves a partnership that was in existence prior to the enactment of the Colorado Uniform Partnership Act (1997) codified at § 7–64–101, et seq., C.R.S.1997, and thus, that Act is not considered for purposes of this opinion. As a general rule every partner is an agent of a general partnership for the purpose of carrying on its authorized business, and an act of a partner that carries on the business of the partnership in its usual way binds the partners unless the acting partner has no authority so to act. Section 7–60–109, C.R.S.1997; *Ball v. Carlson,* 641 P.2d 303 (Colo.App.1981). Partners in a general partnership are liable jointly and severally for the debts and obligations of the partnership. *Kaneco Oil & Gas, Ltd., II v. University National Bank,* 732 P.2d 247 (Colo.App.1986).

■ The knowledge possessed by one partner concerning a general partnership's business is deemed to be possessed by all the partners. *Lee v. Durango Music,* 144 Colo. 270, 355 P.2d 1083 (1960).

Here, the trial court granted the partnership's and Kamphausen's motion for summary judgment, finding that it was undisputed that Kamphausen knew nothing about the obligation incurred by the guaranty agreement, that he did nothing to ratify the agreement after it was signed, and that plaintiff was not looking to bind Kamphausen's assets at the time the agreement was made. It then determined that, because the partnership was acting as an agent for the trust, a disclosed principal, the partnership and its partners were not liable for the debts of the trust.

We recognize that the partnership agreement created an entity to hold title to property for the revocable trust and that such was formed to "implement and supplement" the trust as an estate planning tool. Further, apparently Kamphausen lacked any knowledge about the partnership guaranty until plaintiff asserted the deficiency claim. And, there is evidence in the summary judgment submissions that revisions were made to the law firm's opinion letter concerning the partnership guaranty to make clear to plaintiff that only the partnership and father were bound. Indeed, it appears that no attempt was made to obtain Kamphausen's signature on the guaranty despite the fact that the instrument was originally prepared for his signature.

However, the partnership agreement states that the partnership's business purpose is:

> to hold legal or registered title to stocks, bonds, choses in action, securities, real and personal property . . . and to buy, sell and deal in . . . such securities, in its own name or as nominee for any of the parties hereto. . . .

Also, plaintiff's previous attorney, in his deposition, testified that plaintiff was looking to "the assets of the partners—of the partnership, of the corporation, of the trust." The attorney's deposition testimony also would support a finding that plaintiff believed that the partnership could be held liable, based upon the representations in the law firm's assurance letter that it was a valid partnership, that it had the legal power to execute the guaranty and perform obligations created thereby, and that the father was authorized to sign the guaranty on the partnership's, and thus on Kamphausen's, behalf.

Accordingly, viewing the evidence in a light most favorable to plaintiff as the party against whom summary judgment was sought, we conclude that genuine issues of material fact exist.

There are disputed issues, for example, as to whether the guaranty was part of the normal course of business for the partnership, whether the father had authority to bind the partnership and the partners individually by his signature on the agreement without Kamphausen's signature, whether the partnership was only an agent for the

trust and whether plaintiff was aware of this fact, and whether the parties intended to bind the assets of Kamphausen at the time the guaranty was signed. Accordingly, it is necessary to remand the cause for determination at a trial by a fact-finder of those disputed factual issues.

### B.

■ We also agree with plaintiff's contention that the trial court erred in granting summary judgment in favor of the law firm and Levy on plaintiff's claim of negligent misrepresentation.

■ To establish a claim for negligent misrepresentation, the complaining party must demonstrate that the defendant supplied false information in a business transaction and failed to exercise reasonable care or competence in obtaining or communicating the information upon which other parties justifiably relied. The misrepresentation must be of a material past or present fact. *Mehaffy, Rider, Windholz & Wilson v. Central Bank*, 892 P.2d 230 (Colo.1995).

■ An attorney owes a duty to a third party to whom he issues an opinion letter or to other persons that the attorney expects will rely upon such a letter. Whether there has been a misrepresentation of fact is for the fact-finder to determine. *Mehaffy, Rider, Windholz & Wilson v. Central Bank, supra.*

Here, the trial court entered summary judgment against plaintiff on the ground that he did not direct the law firm to do anything to make Kamphausen's assets attainable under the real estate contract. However, the law firm represented the father and the partnership. The letter written by Levy on behalf of the law firm was issued in response to plaintiff's request for assurance that the real estate debt could be guaranteed by the assets of the partnership and the trust and that the father had authority to bind the assets of both those entities. The letter expressly stated that the "partnership has the legal power to execute and deliver the Guaranty Agreement . . . and execution and delivery of the Guaranty Agreement by [father] on be-

half of the partnership is authorized under the Partnership Agreement."

■ Contrary to the law firm's and Levy's contentions, we do not read the law firm's opinion letter as representing only a series of legal opinions as distinguished from representations of fact. Plaintiff accepted the guaranty signed by the father on behalf of the partnership and concluded the real estate transaction. To the contrary, plaintiff might rationally infer from the representations made in the letter that the guarantee was binding upon the partnership and each of its partners. Plaintiff's assertions that he relied on the letter's representation concerning the scope of the partnership's authority and that such reliance was to his detriment create issues of material fact on plaintiff's claim of negligent misrepresentation, and thus, the trial court erred in entering summary judgment on this issue.

### C.

We disagree with plaintiff's contention that the trial court erred in granting summary judgment on his claim of general negligence.

■ Absent willful and wanton conduct, fraud, or malice, an attorney is not liable to his or her client's opponent for damages resulting from the attorney's conduct. *Holmes v. Young*, 885 P.2d 305 (Colo.App.1994).

Here, plaintiff is not the law firm's client and does not allege willful and wanton conduct, fraud, or malice by the law firm or Levy. Accordingly, those parties owe no general duty of care to plaintiff, and thus, the trial court did not err in entering summary judgment in favor of the law firm and Levy on plaintiff's general negligence claim.

### II.

Kamphausen contends that the trial court erred in granting summary judgment resolving his claims against the law firm and Levy. He argues the existence of an attorney-client relationship between him and the law firm or, in the alternative, a duty of care owed to him by the law firm. We reject both contentions.

As noted previously, summary judgment is appropriate only if the affidavits and documents submitted on the issue clearly show that no genuine issues as to any material fact exist. *Peterson v. Halsted, supra.*

### A.

■ Kamphausen first argues that, because the law firm had represented him in previous unrelated matters, an attorney-client relationship existed between him and the law firm with respect to the buy-sell agreement with plaintiff. We disagree.

The mere fact that the law firm represented Kamphausen in unrelated matters does not make him a client for purposes of the transaction at issue here.

### B.

■ We also disagree with Kamphausen's next argument that, because the law firm represented the partnership, it represented him in his status as a partner, thus entitling him to summary judgment as a matter of law.

Jurisdictions that have considered this issue are split as to whether one's status as an attorney for a partnership creates an attorney-client relationship with each of the partners. *Compare Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994)(finding no attorney-client relationship between a general partner and the attorney for the partnership because, as a general rule, an attorney represents the entity not the individual partners); *Quintel Corp. v. Citibank,* 589 F.Supp. 1235 (S.D.N.Y.1984)(limited partner not client of partnership's attorney in absence of affirmative assumption of such by attorney); *Mursau Corp. v. Florida Penn Oil & Gas, Inc.,* 638 F.Supp. 259 (W.D.Pa.1986)(buyer of limited partnership did not have attorney-client relationship with attorney for seller so as to find attorney liable for opinion letter); *Security Bank v. Klicker,* 142 Wis.2d 289, 418 N.W.2d 27 (Wis.Ct.App.1987)(attorney-client relationship between general partners and partnership's attorney is a question of fact and not a matter of law); *with Pucci v. Santi,* 711 F.Supp. 916 (N.D.Ill.1989)(attorney for limited partnership had fiduciary duty to all partners); *Wortham & Van Liew v. Superior Court,* 188 Cal.App.3d 927, 233 Cal.Rptr. 725 (1987)(attorney for partnership represents all partners as to matters of partnership business); and *Arpadi v. First MSP Corp.,* 68 Ohio St.3d 453, 628 N.E.2d 1335 (Ohio 1994)(attorney for limited partnership owes duty to all partners).

■ In Colorado, the fact that an attorney represents a partnership does not, standing alone, create an attorney-client relationship with each of the partners. *See Glover v. Southard,* 894 P.2d 21 (Colo.App.1994)(declining to impose duty of care in favor of beneficiaries named in testamentary documents drafted by attorney); *Schmidt v. Frankewich,* 819 P.2d 1074 (Colo.App.1991) (attorney for corporation not liable to shareholders or guarantors in absence of fraud or malicious conduct); *In re Estate of Brooks,* 42 Colo.App. 333, 596 P.2d 1220 (1979)(trustee's attorney not liable to alleged beneficiary for breach of trust). *See also Holmes v. Young, supra* (attorney representing partnership was not thereby attorney for limited partner).

Here, there was no showing in the summary judgment submissions of any indication by the law firm to Kamphausen that it was representing both the partnership and Kamphausen at the time the partnership agreement was prepared. Indeed, the law firm's letter to him enclosing copies of the partnership agreement for signature merely states his father's intent to avoid probate. And, according to Kamphausen, he heard nothing further about the partnership until plaintiff asserted a right to proceed against Kamphausen's assets pursuant to the guaranty.

Under these circumstances, we agree with the trial court that Kamphausen failed to demonstrate, as a matter of law, the existence of any attorney-client relationship between himself and the firm or Levy.

### C.

In the alternative, Kamphausen argues that, even if he is not a client of the law firm, it still owed a duty of care to him under general negligence principles. We reject this argument.

An attorney is not liable for his or her negligent conduct other than negligent misrepresentations to a third party absent conduct that is fraudulent or malicious. *Glover v. Southard, supra.*

Here, Kamphausen sets forth factors that he contends the trial court should have considered in determining whether the law firm owed a duty of care to him. This argument, also in the context of an attorney's liability to one who is not a client, was considered and rejected by another division of this court in *Glover v. Southard, supra* (discussing public policy reasons for strictly limiting an attorney's liability to third parties). We agree with the *Glover* decision and, thus, conclude that the trial court did not err in granting the motion of the law firm and Levy for summary judgment on Kamphausen's negligence claim.

### III.

Kamphausen also contends that the trial court abused its discretion in denying his motion to amend his cross-claim to add a claim for negligent misrepresentation against the law firm. We agree.

After a response to a complaint is filed, a party may amend its pleading only by leave of the court or with the written consent of the adverse party. Such amendment should be given freely "when justice so requires" at the discretion of the trial court. C.R.C.P. 15(a); *Polk v. Denver District Court,* 849 P.2d 23 (Colo.1993).

Here, the letter that was transmitted by the law firm with the partnership and trust agreements concerning the establishment of the trust and the partnership requested Kamphausen's signature as co-trustee and partner to the agreements. The letter stated that the purpose of the partnership was to "create an entity for holding title to assets that are subject to the trust, and facilitate transfer without probate."

In our view, this statement could lead a reasonable person to believe that his or her liability under the partnership and trust agreements would be limited to the trust assets. Thus, on remand, the trial court should reconsider Kamphausen's motion to amend.

### IV.

We reject Kamphausen's contention that the trial court erred in denying his motion for attorney fees for having to defend the action at trial.

Because we remand this cause for further proceedings, we are persuaded that plaintiff's suit has not been demonstrated to be frivolous or groundless and that defendant is not entitled to attorney fees for defending that action. Further, since Kamphausen has not prevailed, the trial court's award of costs to defendants must be vacated.

### V.

We also reject the law firm and Levy's request for an award of attorney fees and costs on appeal. *See Wood Bros. Homes, Inc. v. Howard,* 862 P.2d 925 (Colo.1993).

The judgment of the trial court with respect to plaintiff's claims is affirmed as to the negligence claim, is reversed as to the remaining claims, and the cause is remanded for further proceedings consistent with this opinion. The judgment of the trial court with respect to Kamphausen's claims is affirmed. The trial court's denial of Kamphausen's motion to amend his cross-claim is reversed, and on remand, the court is directed to reconsider such amendment. The denial of attorney fees to Kamphausen is affirmed and the award of costs to defendants is vacated.

DAVIDSON and RULAND, JJ., concur.