## CIRCUIT COURT OF FAIRFAX COUNTY

George Smathers et al.

v.

GBA Assocs., L.P., et al.

March 14, 2001

Case No. (Chancery) 168058

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me on Complainant's Motion to Compel Production of Documents from a privilege log that Defendants produced in response to discovery requests. I took the matter under advisement to consider two issues raised by counsel in the briefs and at oral argument. The issues are (1) whether a limited partner of GBA Associates, Limited Partnership ("GBA") is a de facto client of any attorney hired by GBA and therefore entitled to review documents despite any attorney-client privilege; and (2) whether the documents designated on the privilege log were prepared in anticipation of litigation, thus qualifying them for protection under the work-product doctrine. After consideration of the issues, I find that a limited partner is not a client of an attorney hired by the limited partnership, and the work-product doctrine is applicable to the documents on Defendant's privilege log. Therefore, Complainant's Motion to Compel is denied. The Complainants do not mention Mrs. Smathers in their Motion to Compel. They assert no theory under which she is entitled to have access to the documents currently at issue. This memorandum treats Mr. Smathers as the only moving party.

### The Attorney-Client Privilege

The attorney-client privilege limits the information that a party can access through the discovery process. Rule 4:1 of the Rules of the Supreme Court of Virginia states, in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of . . . any other party. . . .

Generally, privileged matters include confidential communications between attorney and client made because of that relationship and for the purpose of obtaining legal advice. See *Commonwealth v. Edwards*, 235 Va. 499, 509, 370 S.E.2d 296 (1988). Mr. Smathers claims that as a limited partner of GBA, he was also a client of the law firm of Forte & Kaiser, P.C., because of that firm's representation of GBA. Mr. Smathers does not contend that no attorney-client relationship existed between GBA and Forte and Kaiser. Instead, he argues that GBA cannot assert the privilege against him because, as a limited partner, he was a client of Forte and Kaiser. Mr. Smathers has the burden to prove the existence of such attorney-client relationship.

The issue of whether an attorney who represents a limited partnership also represents its limited partners by virtue of that representation has not been decided under Virginia law. The jurisdictions that have considered this issue have split in their decisions. See *Zimmerman v. Dan Kamphausen Co.*, 971 P.2d 236, 241 (Colo. App. 1998) (citing numerous cases in which this issue has been decided).

The Complainant cites the case of *Roberts v. Heim*, 123 F.R.D. 614 (N.D. Cal. 1988), in support of his position. The plaintiffs in Roberts were six individuals who invested in four limited partnerships (collectively "the Manhattan Partnerships") that had been organized to produce oil and gas. See *id.* at 618. These plaintiffs represented a class of over 1,000 persons. They brought claims such as violation of the Securities Act of 1933 and the Securities Exchange Act of 1934. The named defendants included the partnerships, the general partners, and the attorneys who had provided services to the partnerships. See *id.* at 618. During discovery, plaintiffs propounded requests for production of documents upon the law firm that represented the Manhattan Partnerships. In response, the firm and general partners asserted the attorney-client privilege and work-product doctrine as to volumes of documents. In granting the plaintiff's motion to compel, the trial court in *Roberts* held that the limited partners were clients, along with the Manhattan Partnerships and therefore co-holders of the attorney-client privilege. See *id.* at 625.

The rationale of *Roberts* was the long-standing principle that "partners have a fiduciary relationship and obligation to each other with respect to partnership affairs." *Roberts* at 624. (citing *McCain v. Phoenix Resources,*

*Inc.*, 185 Cal. App. 3d 575, 230 Cal. Rptr. 25 (1986)). Partners are to exercise good faith in their dealings with co-partners. See *id.* The relationship of the partners to one another means that "absent any restriction by statute or by the partnership agreement, a limited partner has the right to inspect all documents and papers affecting the partnership, including those held by the partnership's attorney." 123 F.R.D. at 623.

Other courts have ruled to the contrary. For example, GBA cites *Rhode Island Depositors Economic Protection Corp. v. Hayes*, 64 F.3d 22 (1st Cir. 1995), in support of its position that Mr. Smathers was not a client of Forte and Kaiser simply because of his position as a limited partner. Hayes involved a limited partnership that had been formed to develop luxury homes. See *id.* at 23. The scheme failed for various reasons, and the limited partners sought recovery of damages from the partnership's attorney for professional negligence, breach of contract, and misrepresentation. The District Court found that, even assuming the existence of an attorney-client relationship between the limited partners and the partnership's attorneys, these claims were barred by the statute of limitations. However, the Court of Appeals found that damages were not recoverable because no such attorney-client relationship existed. See *id.* The court stated, "we start with the basic proposition that a partnership is a singular legal entity, and that when that entity retains an attorney, the partnership is the client . . . thus, an attorney for a partnership or general partner does not thereby undertake representation of limited partners." *Id.* at 27 (citing Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* § 20.7 (3d ed. 1989). The court noted that "an attorney-client relationship is contractual in nature, and thus is the product of an agreement of the parties and may be implied by conduct." *Id.* The court ultimately found that no express or implied contract had been formed between the attorney and the limited partners. See *id.*

Similarly, *Zimmerman v. Dan Kamphausen Co.*, 971 P.2d 236 (Colo. App. 1998), held that "the fact that an attorney represents a partnership does not, standing alone, create an attorney-client relationship with each of the partners." *Id.* at 241. Both *Zimmerman* and *Hayes* required the plaintiffs to make an independent showing of an attorney-client relationship before they would allow recovery of damages. Such a requirement is proper because of the ethical problems that may arise from an attorney's representation of both a limited partnership and its limited partners.

Limited partnerships are composed of one or more general partners and one or more limited partners. Va. Code § 50-73.1 *et seq.* Limited partnerships are statutorily authorized and they are attractive to investors because a limited partner will not be held personally liable for the debts of the limited

partnership. *Id.* A limited partnership may transact business and own property in its own name, independent of its limited partners. A limited partnership can also hire an attorney to represent it as an entity.

An attorney is hired to advocate on behalf of its client. Thus, an attorney for a limited partnership advocates on behalf of that client. There are times when the limited partnership has opposing interests to its limited partners. The limited partnership must be able to rely on its attorney to advocate on its behalf and represent its interests alone. Only if there has been an express or implied agreement to the contrary would the limited partnership's expectation be different.

In this case, Forte and Kaiser clearly represented GBA for many years. Mr. Smathers' only basis that he is also a client of Forte and Kaiser is his position as a limited partner in GBA. That fact alone is not enough to make him a client of Forte and Kaiser, or to require Forte and Kaiser to produce documents that are otherwise privileged. Mr. Smathers has offered no evidence that he relied on Forte and Kaiser for representation. He has not claimed that the behavior of the Forte and Kaiser attorneys caused him to believe that they also represented him. Mr. Smathers has not established that an attorney-client relationship existed with Forte and Kaiser.

Mr. Smathers' position in this case is somewhat analogous to that of a shareholder bringing a derivative action against the officers of a corporation. Courts have held in such instances that it is the corporation and not the individual shareholders, which holds the attorney-client privilege. See *McDermott, Will & Emery v. Superior Court*, 83 Cal. App. 4th 378, 99 Cal. Rptr. 2d 622 (2000). "Shareholders do not enjoy access to such privileged information merely because the attorney's actions also benefit them . . . nor do shareholders obtain the right to waive the privilege simply by virtue of filing the action on the corporation's behalf." *Id.* at 384.

### Work-Product Doctrine

Mr. Smathers also argues that GBA has included on its privilege log documents that were not prepared in anticipation of litigation and therefore such documents are not considered attorney work-product. GBA, as the proponent of the privilege, has the burden of establishing that the challenged documents were in fact prepared in anticipation of litigation. The work-product doctrine, framed in *Hickman v. Taylor*, 329 U.S. 495, 91 L. Ed. 451, 67 S. Ct. 385 (1947), was later incorporated into Rule 4:1(b)(3) of the Rules of the Supreme Court of Virginia. That Rule states in part:

*Trial Preparation; Materials.* — Subject to the provisions of subdivision (b)(4) of this Rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this Rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

In this case, GBA has offered as evidence the affidavit of Mr. Vincent Forte, a former principal from the law firm of Forte and Kaiser, who participated in the representation of GBA by the firm. He states that all of the documents listed on GBA's privilege log were prepared in anticipation of, and in hopes of avoiding, imminent litigation. Affidavit, pp. 1, 2, and 4. He further details the circumstances under which these documents were prepared. Mr. Smathers contends that the documents were created in the ordinary course of business. Mr. Smathers does not offer any evidence to refute the affidavit prepared by Mr. Forte on behalf of GBA. The documents listed on the privilege log appear to surround the Cascades transaction. GBA contends that the Cascades transaction resulted from threatened litigation. This Court determines that the documents regarding the transaction were produced primarily because of the prospect of litigation. See *McCullough v. Standard Pressing Machines Co.*, 39 Va. Cir. 191 (1996). They, therefore, constitute work-product.

Complainant's Motion to Compel is denied.