Filed 9/10/13  Reilly v. Greenwald & Hoffman CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| MARK S. REILLY,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>GREENWALD & HOFFMAN, LLP et al.,<br><br>    Defendants and Respondents. | D062046<br><br><br><br>(Super. Ct. No. 37-2011-00059543-CU-FR-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Jacqueline M. Stern, Judge.  Affirmed.

John F. Bannon for Plaintiff and Appellant.

Gordon & Rees and Richard R. Spirra for Defendants and Respondents.

Mark S. Reilly appeals the judgment entered against him on claims he asserted against Greenwald & Hoffman, LLP and Paul E. Greenwald (collectively, Greenwald) in a shareholder derivative action against Greenwald and others.  The trial court sustained Greenwald's demurrer to the complaint without leave to amend on the ground the

judgment we affirmed in *Reilly v. Greenwald & Hoffman, LLP* (2011) 196 Cal.App.4th 891 (*Reilly*) bars Reilly's claims.  We affirm.

## I.

## FACTUAL BACKGROUND

"This case comes to us after the sustaining of a general demurrer; accordingly, the rule is that we accept as true all the material allegations of the complaint."  (*Shoemaker v. Myers* (1990) 52 Cal.3d 1, 7.)  The pertinent facts alleged in Reilly's complaint are as follows.

Reilly and Lena Brion agreed to operate Brion Reilly, Inc. (BRI) to provide architectural and interior design services.  Brion owned 51 percent of the shares of BRI and Reilly owned 49 percent, but they agreed to share BRI's income and profits equally.  After Brion informed Reilly she intended to terminate their business relationship, she wrongfully excluded him from BRI's premises and misappropriated BRI's assets.  Greenwald, who had been retained to provide legal services to BRI, assisted Brion in her misconduct.

## II.

## PROCEDURAL BACKGROUND

A.    *Reilly's Prior Action Against Greenwald*

Reilly filed a prior action against Greenwald, which was the subject of our decision in *Reilly*, *supra*, 196 Cal.App.4th 891.  As pertinent to this appeal, we described the claims in the prior action as follows:

2

"In August 2009 Reilly filed an amended complaint . . . against BRI; Brion and an entity of hers, Brion Design, Inc. (BDI); Greenwald, who was BRI's outside counsel; [and other defendants]. The first [count], titled 'Shareholder Derivative Action,' names all defendants. It alleges that between June 2006 and the end of 2008, Brion excluded Reilly from BRI's premises 'and converted and misappropriated to herself the monies, receivables, personal property, and work in progress of BRI'; Brion engaged in this conduct with the cooperation and assistance of defendants; and as a result of defendants' misconduct BRI has suffered damages.

"The seventh through ninth [counts] are solely against Greenwald. The seventh [count], for constructive fraud and negligent misrepresentation, alleges Greenwald, while acting as BRI's counsel, 'advised BRI that . . . Brion and BDI had no duty or obligation, in connection with the termination of the business and dissolution of BRI, to account for the monies, receivables, personal property and work in progress of BRI as of the date of the termination of the business by BRI.' Further, it alleges Greenwald 'counseled and advised BRI that defendants Brion and BDI were entitled to appropriate such assets of BRI to their own use without any duty . . . to distribute to [Reilly] his proportionate share of such assets.' The eighth [count], for legal malpractice, alleges Greenwald breached the standard of care owed BRI, and violated rules of professional conduct, by facilitating Brion's misconduct. The ninth [count], for breach of contract, alleges Greenwald's conduct was a breach of his written agreement with BRI for legal services.

"The 14th [count], for conspiracy, is against Brion, BDI, and Greenwald. It alleges they conspired to exclude Reilly from the business premises of BRI, and

3

misappropriated to their own use the monies, receivables and work in progress of BRI, and as a consequence BRI was damaged." (*Reilly*, *supra*, 196 Cal.App.4th at pp. 897-898.)

Greenwald demurred to the complaint on the ground it was barred as to him under *McDermott, Will & Emery v. Superior Court* (2000) 83 Cal.App.4th 378 (*McDermott*),[1] "because BRI has not waived the attorney-client privilege covering communications between him and Brion during his representation of BRI, and thus he cannot mount any meaningful defense." (*Reilly*, *supra*, 196 Cal.App.4th at p. 898.) The trial court agreed, sustained the demurrer, and entered a judgment of dismissal. (*Ibid.*) We affirmed. (*Id.* at p. 906.)

B.     *Reilly's Present Action Against Greenwald*

Reilly filed the present action against Greenwald and others on November 8, 2011. The counts alleged against Greenwald are very similar to those alleged against him in the prior action.

In the first count, again entitled "Shareholder Derivative Action," Reilly alleged that Brion, "with the cooperation and assistance of [Greenwald and other defendants], excluded [Reilly] from the business premises of BRI . . . and subsequently converted and misappropriated to herself and [BDI] the monies, receivables, personal property, work in

---

1     The issue in *McDermott* was whether a shareholder's derivative action against the corporation's outside counsel for legal malpractice could go forward. (83 Cal.App.4th at p. 380.) The Court of Appeal held that in the absence of a waiver of the attorney-client privilege by the corporation, the action could not proceed because counsel would be effectively foreclosed from mounting any meaningful defense. (*Id.* at p. 381.)

4

progress and goodwill of BRI." Reilly further alleged that Brion, again with Greenwald's cooperation and assistance, had filed with the California Secretary of State a certificate of dissolution that falsely stated that BRI's debts had been paid and its assets distributed to those entitled to them. According to Reilly, this alleged misconduct of Greenwald damaged BRI.

In the fourth count, entitled "Fraud and Deceit," Reilly alleged that Greenwald prepared for Brion "majority shareholder consents" and other documents that terminated Reilly's authority to act on behalf of BRI and permitted Brion to convert BRI's assets. Reilly further alleged that the preparation and use of these documents was "part of a conspiracy" among Brion, Greenwald, and other defendants that damaged BRI. For relief on this count, Reilly sought damages for "the monetary losses resulting from the unrestricted use and misappropriation by [Brion] of the funds in the accounts of BRI."

In the fifth count, entitled "Aiding and Abetting Breach of Fiduciary Duty," Reilly alleged that Greenwald violated his own fiduciary duty to BRI and assisted other defendants in violating their fiduciary duties to BRI by "collaborati[ng]" with them in the preparation of false and misleading documents concerning the dissolution of BRI. Reilly further alleged that such "collaboration" was "part of a conspiracy among [Greenwald and other defendants] . . . for the exclusion of [Reilly] from the business premises of BRI and the misappropriation of monies, receivables, personal property, work in progress and goodwill of BRI." On this count, Reilly sought damages for "the monetary losses resulting from the misappropriation by [Brion] of the monies, receivables, personal property, work in progress and goodwill of BRI."

5

Greenwald demurred to the complaint on the ground, among others, that Reilly's claims were barred by the doctrine of res judicata. Greenwald requested the trial court take judicial notice of the amended complaint, the order sustaining the demurrer, the judgment, and the appellate opinion that were filed in the prior action. The court granted the request for judicial notice, sustained the demurrer without leave to amend, and entered a judgment against Reilly.

III.

DISCUSSION

Reilly contends the judgment against him in his prior action against Greenwald, which we affirmed in *Reilly*, *supra*, 196 Cal.App.4th 891, does not bar this action. Specifically, he argues the prior judgment has no preclusive effect in this action because the prior judgment was not on the merits and the present action involves facts and remedies different from those involved in the prior action. As we shall explain, these arguments have no merit.

A.      *Standard of Review*

Res judicata is a defense that may be raised by demurrer where, as here, the judgment and pleadings from the prior action are presented to the court by a request for judicial notice. (Code Civ. Proc., § 430.30, subd. (a); *Estate of Dito* (2011) 198 Cal.App.4th 791, 795; *Carroll v. Puritan Leasing Co.* (1978) 77 Cal.App.3d 481, 486.) Whether the defense applies is a question of law, which we review de novo. (*Louie v. BFS Retail & Commercial Operations, LLC* (2009) 178 Cal.App.4th 1544, 1553; *Nicholson v. Fazeli* (2003) 113 Cal.App.4th 1091, 1100.)

6

B.      *Analysis*

"'Res judicata' describes the preclusive effect of a final judgment on the merits. Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them. . . .  Under the doctrine of res judicata, . . . a judgment for the defendant serves as a bar to further litigation of the same cause of action." (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896-897, citation & fn. omitted (*Mycogen*).)  "To operate as a bar a judgment must be final, on the same claim or cause of action, between the same parties, and must be an adjudication on the merits."  (*McKinney v. County of Santa Clara* (1980) 110 Cal.App.3d 787, 794 (*McKinney*).)  These requirements are satisfied here.

There is no dispute the judgment in the prior action is final.  Finality for purposes of res judicata occurs when "an appeal from the trial court judgment has been exhausted or the time to appeal has expired." (*Franklin & Franklin v. 7-Eleven Owners for Fair Franchising* (2000) 85 Cal.App.4th 1168, 1174.)  We issued our opinion affirming the judgment on May 23, 2011 (*Reilly*, *supra*, 196 Cal.App.4th 891); no petition for review having been filed, the judgment became final 30 days later (Cal. Rules of Court, rule 8.366(b)(1)).  The judgment in the prior action was therefore final for res judicata purposes when Reilly filed the present action on November 8, 2011.

There is also no dispute the two actions involve the same parties.  Reilly asserted claims against Greenwald in both actions.

Reilly contends, however, the prior judgment was not on the merits and therefore does not preclude his present action against Greenwald.  Reilly starts from the general

rule that a judgment based on a demurrer sustained for technical or procedural reasons does not have res judicata effect. (See, e.g., *Goddard v. Security Title Ins. & Guar. Co.* (1939) 14 Cal.2d 47, 52 ["a judgment on general demurrer may not be on the merits, for the defects set up may be technical or formal"].) He then asserts this rule applies to the judgment entered in the prior action, where the demurrer was sustained on the procedural ground that it would have been "fundamentally unfair to proceed against Greenwald" in the absence of a waiver of BRI's attorney-client privilege because Reilly's claims, "'by [their] very nature, necessitated that [Greenwald] disclose privileged or confidential information in order to present "a[] meaningful defense."'" (*Reilly*, *supra*, 196 Cal.App.4th at p. 904.) We disagree.

Reilly's "argument ignores the principle that a judgment on a general demurrer will have the effect of a bar in a new action in which the complaint states the same facts which were held not to constitute a cause of action on the former demurrer or, notwithstanding differences in the facts alleged, when the ground on which the demurrer in the former action was sustained is equally applicable to the second one." (*McKinney*, *supra*, 110 Cal.App.3d at p. 794.) Here, the ground on which the demurrer was sustained in the prior action — that the action could not proceed against Greenwald because in the absence of a waiver of the attorney-client privilege by BRI, Greenwald could not "adequately defend himself against claims he facilitated Brion's wrongdoing" (*Reilly*, *supra*, 196 Cal.App.4th at p. 903) — is equally applicable to this action. As in the prior action, "[t]he complaint alleges Greenwald's . . . tortious conduct facilitated Brion's conversion of BRI's assets to her own use. Obviously, his confidential communications

8

with her are highly material to his defenses." (*Id.* at p. 904.) Further, because in the prior action Reilly did not allege any waiver of the attorney-client privilege by BRI (*ibid.*) and he has not done so in the present action, "the defect in the complaint filed in the former action was not cured." (*McKinney*, at p. 795.) Thus, with respect to his present claims against Greenwald, Reilly "is barred from prosecuting them under the doctrine of res judicata." (*Ibid.*)

Reilly contends res judicata does not apply because he cured the defect in the prior complaint by including in the present complaint counts for "Fraud and Deceit" and "Aiding and Abetting Breach of Fiduciary Duty." According to Reilly, the inclusion of these counts triggered exceptions to the attorney-client privilege for communications that aided the commission of a fraud (Evid. Code, § 956) or that are relevant to an issue of breach of a duty arising out of the attorney-client relationship (*id.*, § 958). We disagree.

Reilly's inclusion of a count for aiding and abetting breach of fiduciary duty in his present complaint did not trigger application of Evidence Code section 958. Under that statute, there is no attorney-client privilege "as to a communication relevant to an issue of breach, by the lawyer or by the client, of a duty arising out of the lawyer-client relationship." (*Ibid.*) We held in Reilly's prior action that section 958 does not apply to a derivative action for legal malpractice against outside counsel. (*Reilly*, *supra*, 196 Cal.App.4th at p. 903.) In support of this holding, we cited *McDermott*, which had explained that although the client's filing of a malpractice action against its attorney results in the waiver of the attorney-client privilege and thereby enables the attorney to disclose otherwise privileged attorney-client communications as necessary to defend the

9

action, a shareholder's filing of a derivative action does not similarly result in the corporation's waiver of the attorney-client privilege. (83 Cal.App.4th at pp. 383-384.) A derivative action thus "has the dangerous potential for robbing the attorney defendant of the only means he or she may have to mount any meaningful defense. It effectively places the defendant attorney in the untenable position of having to 'preserve the attorney[-]client privilege (the client having done nothing to waive the privilege) while trying to show that his representation of the client was not negligent.'" (*Id.* at p. 384.) The same problem exists here: If Reilly's action for aiding and abetting breach of fiduciary duty were allowed to proceed, Greenwald would be placed in the "untenable position" of having to preserve BRI's attorney-client privilege while trying to show he did not breach his own fiduciary duty to BRI or assist other defendants in breaching their fiduciary duties to BRI. (*Ibid.*) Hence, the section 958 exception to the attorney-client privilege did not become applicable merely because Reilly changed his theory from breach of the duty of competence in the prior action to breach of the duty of loyalty in the present action.

Nor did Reilly trigger the applicability of Evidence Code section 956 simply by adding a count for fraud to the complaint he filed in the present action. Under section 956, the attorney-client privilege does not apply "if the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit a crime or a fraud." "To invoke the crime-fraud exception, the proponent must make a prima facie showing that the services of the attorney were sought or obtained to aid someone in committing a crime or fraud." (*Favila v. Katten Muchin Rosenman LLP* (2010) 188

10

Cal.App.4th 189, 220.)  Reilly asserts the exception applies because in his "Fraud and Deceit" count, he alleged that Greenwald facilitated Brion's conversion of BRI's assets by preparing "majority shareholder consents" falsely stating that Brion had authority to act independently on behalf of BRI, which Brion then signed and delivered to BRI's banks, clients, and vendors and which those entities relied on to terminate Reilly's involvement in the business.  To be actionable as fraud, however, the misrepresentations ordinarily must be made to and relied on by *the plaintiff*.  (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1255, 1256; *Shell v. Schmidt* (1954) 126 Cal.App.2d 279, 289.)  Here, the allegedly false statements were made to and relied on by *third parties*.  Reilly's contention he may sue for fraud on a theory of indirect deception because those third parties were acting as BRI's agents has no merit.  The indirect deception theory, under which a plaintiff may sue for fraud based on a misrepresentation made to an agent, requires that the defendant intend or have reason to expect that the misrepresentation will be repeated to and acted on by the plaintiff.  (See, e.g., *Lovejoy v. AT&T Corp.* (2001) 92 Cal.App.4th 85, 94; *Shapiro v. Sutherland* (1998) 64 Cal.App.4th 1534, 1548.)  This theory does not apply here because, according to Reilly's fraud count, the allegedly false "majority shareholder consents" were intended to, and actually did, induce action *by BRI's banks, clients, and vendors, not by BRI*.  Hence, by failing to plead a legally sufficient fraud claim, Reilly cannot make the prima facie showing needed to invoke the crime-fraud exception to the attorney-client privilege.

Next, Reilly contends res judicata does not apply because his two actions against Greenwald do not involve the same cause of action.  He contends the facts and the legal

11

remedies alleged in the present action are different from those alleged in the prior action. According to Reilly, the causes of action asserted against Greenwald in the prior action arose from his malpractice in advising BRI that Brion had no duty in connection with BRI's dissolution to account for its assets and distribute a proportionate share to Reilly. Thus, Reilly asserts, the prior judgment dismissing his claims on the basis of *McDermott*, *supra*, 83 Cal.App.4th 378, "arguably may have res judicata effect as to a later derivative malpractice action."  But, he maintains, the prior judgment does not preclude the present action, which "includes only causes of action for fraud and aiding and abetting breach of fiduciary duty to which the *McDermott* policy is not applicable."  Reilly also argues the two actions involve different causes of action because he alleged in the present action new facts concerning the "majority shareholder consents" and other documents Greenwald prepared to assist Brion in converting BRI's assets.  Again, we disagree.

"'In California the phrase "cause of action" is often used indiscriminately . . . to mean *counts* which state [according to different legal theories] the same cause of action . . . .'  [Citation.]  But for purposes of applying the doctrine of res judicata, the phrase 'cause of action' has a more precise meaning:  The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced."  (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 798 (*Boeken*).)  "Causes of action are considered the same if based on the same primary right."  (*Citizens for Open Government v. City of Lodi* (2012) 205 Cal.App.4th 296, 325.)  "'[T]he primary right is simply the plaintiff's right to be free from the particular injury suffered.'"  (*Mycogen*, *supra*, 28 Cal.4th at p. 904.)  "Thus, under the

12

primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." (*Boeken*, at p. 798.)

Reilly's two actions against Greenwald involved the same cause of action because in both Reilly sought compensation for the same harm. In the prior action, Reilly sought to recover damages for harm to BRI caused by Greenwald's counseling and advising BRI that Brion could exclude Reilly from the business and appropriate BRI's assets to her own use without any duty to distribute to Reilly his proportionate share of the assets, and by Greenwald's conspiring with Brion and other defendants to deprive Reilly of his rightful share of the assets. (*Reilly*, *supra*, 196 Cal.App.4th at pp. 897-898.) In the present action, Reilly sought to recover damages for harm to BRI caused by Greenwald's preparation of false and misleading documents to help Brion exclude Reilly from the business and misappropriate BRI's assets, and by Greenwald's conspiracy with Brion and other defendants to deprive Reilly of his rightful share of the assets. (See pt. II.B., *ante*.) In both actions Greenwald's alleged misconduct resulted in the same harm to BRI, namely, the conversion of its assets by Brion. The two actions therefore assert the same cause of action for purposes of res judicata. (*Boeken*, *supra*, 48 Cal.4th at p. 798; *Mycogen*, *supra*, 28 Cal.4th at p. 904.)

The causes of action asserted in the two actions are not different simply because Reilly changed the legal labels on some of the counts alleged in the pleadings he filed in the two actions. In the prior action, Reilly asserted counts entitled "Constructive Fraud and Negligent Misrepresentation" and "Legal Malpractice," which were based on

13

Greenwald's provision of allegedly unsound advice that Brion had no duty in connection with BRI's dissolution to account for its assets, and could appropriate those assets to her own use without giving Reilly a proportionate share. In the present action, Reilly omitted those counts and added ones entitled "Fraud and Deceit" and "Aiding and Abetting Breach of Fiduciary Duty," which were based on Greenwald's preparation of allegedly false and misleading documents that allowed Brion to exclude Reilly from the business and misappropriate BRI's assets. Although Reilly changed his legal theories from negligence in the prior action to intentional misconduct in the present action, in both actions he alleged Greenwald inflicted the same harm on BRI by "facilitat[ing] Brion's conversion of BRI's assets to her own use." (*Reilly*, *supra*, 196 Cal.App.4th at p. 904.) Hence, for purposes of res judicata the cause of action did not change, because "[e]ven where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." (*Slater v. Blackwood* (1975) 15 Cal.3d 791, 795; see also *Balasubramanian v. San Diego Community College Dist.* (2000) 80 Cal.App.4th 977, 991 ["a single cause of action is based on the harm suffered, rather than on the particular legal theory asserted"].)

The causes of action asserted in the two actions also did not become different by Reilly's inclusion in the complaint filed in the present action of new factual allegations regarding the "majority shareholder consents" and other false and misleading documents Greenwald prepared for Brion's use in misappropriating BRI's assets. "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff . . . adds new facts

14

supporting recovery." (*Eichman v. Fotomat Corp.* (1983) 147 Cal.App.3d 1170, 1174 (*Eichman*).)  Here, as we have explained, the same primary right is at stake because in both actions Reilly alleged that Greenwald injured BRI by facilitating Brion's conversion of its assets.  The factual allegations in the present action about the various documents Greenwald prepared for Brion merely add "greater detail" about how he facilitated her wrongdoing and thereby caused BRI's injury.  (*Id.* at p. 1175.)  Those allegations do not change the nature of Reilly's cause of action against Greenwald, notwithstanding Reilly's contrary contention.

We also reject Reilly's related argument that the prior judgment does not bar his present action against Greenwald because Reilly did not learn of Greenwald's involvement in the preparation of the "majority shareholder consents" until after the trial court had entered the prior judgment.  In support of this argument, Reilly relies exclusively on *Allied Fire Protection v. Diede Construction, Inc.* (2005) 127 Cal.App.4th 150.  There, the court held a prior judgment does not bar a plaintiff's claim against a defendant if at the time the first action was filed "the plaintiff [was] unaware of the facts giving rise to [the] claim due to [the] defendant's fraud," and "it cannot be said that [the] plaintiff knew or should have known of the claim when the first action was filed."  (*Id.* at p. 156.)  This holding appears to conflict with the prior holding of this court that "a judgment does not lose its res judicata effect because it was entered while evidence was being suppressed."  (*Eichman*, *supra*, 147 Cal.App.3d at p. 1176; see also *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 10 [citing *Eichman* in support of statement that under doctrine of res judicata, "a judgment may not be collaterally attacked

15

on the ground that evidence was falsified or destroyed"].)  We need not resolve any conflict, however, because the predicate for application of the *Allied Fire Protection* holding is absent.  Although Reilly alleged that he did not learn until after the dismissal of his prior action that Greenwald had prepared the "majority shareholder consents" Brion used to convert BRI's assets, Reilly did not allege that his ignorance of that fact was due to Greenwald's fraud or that he could not have discovered that fact earlier.  Hence, *Allied Fire Protection* does not allow Reilly to avoid the preclusive effect of the prior judgment.

In sum, we hold the judgment in Reilly's prior action against Greenwald bars this action under principles of res judicata.  The trial court correctly sustained Greenwald's demurrer on that ground and entered judgment against Reilly.  Since we must affirm the judgment if it is correct on any ground asserted in the demurrer (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967; *Henderson v. Newport-Mesa Unified School Dist.* (2013) 214 Cal.App.4th 478, 490), we need not address the other grounds asserted in Greenwald's demurrer and discussed in the parties' briefs.

Alternatively, even if this action were not barred under the doctrine of res judicata, the judgment would still have to be affirmed because, as we have explained, the same defect that led to the dismissal of the complaint in Reilly's prior action against Greenwald exists in the complaint filed in this action.  Although the legal labels assigned to the claims differed, in both actions Reilly alleged claims that " 'by [their] very nature, necessitated that [Greenwald] disclose privileged or confidential information in order to present "a[] meaningful defense." ' "  (*Reilly*, *supra*, 196 Cal.App.4th at p. 904.)  Thus,

16

regardless of the judgment in the prior action, Reilly's current action cannot go forward because in the absence of a waiver of the attorney-client privilege by BRI, Greenwald could not "adequately defend himself against claims he facilitated Brion's wrongdoing," and "it would be fundamentally unfair to proceed against [him]." (*Id.* at pp. 903, 904.)

Finally, we do not address Reilly's challenge to the order imposing $6,215 in sanctions against his counsel for filing a frivolous complaint in violation of Code of Civil Procedure section 128.7. That order is not properly before us because Reilly has no standing to challenge it, and his counsel did not file a separate notice of appeal. (*Id.*, §§ 902, 904.1, subd. (a)(12); *Laborde v. Aronson* (2001) 92 Cal.App.4th 459, 465; *Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39, 42.)

DISPOSITION

The judgment is affirmed.

IRION, J.

WE CONCUR:

BENKE, Acting P. J.

McINTYRE, J.

17